UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HCW LLC,

        Plaintiff,

v.                                     Case No. 20-C-1141

ALORICA CUSTOMER CARE INC.,

        Defendant.

**DECISION AND ORDER**

Plaintiff HCW LLC filed this action in Brown County Circuit Court against Defendant Alorica Customer Care Inc., asserting claims of breach of lease, breach of the duty of good faith and fair dealing, declaratory judgment, and unjust enrichment. Defendant removed the action to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. This matter comes before the Court on Defendant's motion for partial judgment on the pleadings. Defendant argues that Plaintiff's claim for breach of the duty of good faith and fair dealing and its claim for unjust enrichment should be dismissed. For the following reasons, the motion will be denied.

**LEGAL STANDARD**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to seek judgment on the pleadings after the pleadings have been closed. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). "Pleadings 'include the complaint, the answer, and any written instruments attached as exhibits.'" *Federated Mutual Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). Courts apply the same standards in deciding a motion for judgment on the pleadings as they do in deciding a motion to dismiss. *Landmark Am. Ins. Co. v. Hilger*, 838

F.3d 821, 824 (7th Cir. 2016). To survive a motion to dismiss or for judgment on the pleadings, the challenged pleading must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he court views all facts and inferences in the light most favorable to the non-moving party." *Federated Mut. Ins. Co.*, 983 F.3d at 313 (citing *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993)).

## ALLEGATIONS CONTAINED IN THE COMPLAINT

Plaintiff is the owner of certain condominium units utilized for commercial office space within a building located at 301 North Adams Street, Green Bay, Wisconsin, known as the Baylake City Center Condominium. Compl. ¶ 3, Dkt. No. 1-1. On November 22, 2005, Plaintiff and Defendant entered into a Lease Agreement for the rental of commercial space by Defendant within the Baylake City Center (the premises). *Id.* ¶ 4. At the time the lease was entered into, the premises consisted of approximately 70,000 rentable square feet, otherwise known as Units 210, 220, 230, 240, 250, and 260. *Id.*

On December 1, 2010, the parties entered into Amendment No. 1 to the lease. *Id.* ¶ 5. Amendment No. 1 extended the term of the lease to May 31, 2017. Among other things, it also changed the amount of rent payable under the lease, and the definition and calculation of operating expenses payable under the lease. *Id.* ¶ 6.

On April 1, 2017, the parties entered into Amendment No. 2 to the lease. *Id.* ¶ 7. Amendment No. 2 extended the term of the lease to March 31, 2022. It also provided for tenant improvements and a reduction in total rentable square feet by Defendant. *Id.* ¶ 8. The tenant improvements contemplated by Defendant included, but were not limited to, the buildout of a breakroom, a locker room, a training room, testing rooms, internet/phone rooms and offices, and new paint and carpeting. *Id.* ¶ 9. Pursuant to Section 2 of Amendment No. 2, Defendant's rented

space was reduced to 45,535 rentable square feet, otherwise known as Units 210, 240, 250, and 260. *Id.* ¶ 10. Once the tenant improvements were completed, however, the rent for Defendant's space was to then increase according to a set schedule. *Id.* at 50.

Although no longer part of its rental space, Defendant had the right under Amendment No. 2 to continue to occupy and utilize Units 220 and 230 (the Give Back Space) as a lunch room and two training rooms without paying rent or any additional charge until the tenant improvements in Defendant's rental space were completed. *Id.* ¶ 11. Pursuant to Section 5 of Amendment No. 2, Plaintiff was to contribute up to $200,000.00 toward the costs associated with the tenant improvements (the Build-Out Allowance) and Defendant was to be liable for any and all costs associated with the tenant improvements in excess of the Build-Out Allowance. Defendant was also to provide the standards and specifications for the tenant improvements Plaintiff was required to complete. The tenant improvements were to be completed by December 31, 2018, at which time Defendant would vacate the Give Back Space. *Id.* ¶¶ 12–15.

Finally, Amendment 2 also granted Defendant an option for early termination of the lease as of March 31, 2020, upon six-months notice, provided that Defendant was not in default under the lease. Early termination was also conditioned upon Defendant's payment of four months rent and any remaining costs of the tenant improvements that were actually incurred by Plaintiff.

Defendant never provided Plaintiff with the standards and specifications required to commence the tenant improvements. *Id.* ¶ 16. Because the standards and specifications were never provided to Plaintiff, Plaintiff could not perform the work necessary to complete the tenant improvements. *Id.* ¶ 17. Defendant continued to occupy the Give Back Space without paying rent or any other consideration. *Id.* ¶ 18. On February 19, 2019, Defendant confirmed via email to Plaintiff that it did not intend to proceed with the contemplated tenant improvements. *Id.* ¶ 19. On September 16, 2019, Defendant notified Plaintiff of its intent to exercise its termination option

3

and terminate the lease on March 31, 2020. *Id.* ¶ 23. Defendant subsequently vacated the premises on or about March 31, 2020, with the exception of several items necessary to return the premises to its original condition, less normal wear and tear. *Id.* ¶ 24. At the time it attempted to exercise its early termination option and on March 31, 2020, Defendant was in default of the lease. *Id.* ¶ 25. Because it was in default, Plaintiff contends Defendant had no contractual right to exercise the early termination option. *Id.* ¶ 26. Plaintiff asserts claims of breach of lease, breach of the duty of good faith and fair dealing, declaratory judgment, and unjust enrichment and seeks damages in the amount of $608,395.20.

## ANALYSIS

### A. Duty of Good Faith and Fair Dealing

Plaintiff claims that Defendant breached the duty of good faith and fair dealing by failing to pay rent for the Give Back Space following the execution of Amendment No. 2, despite Defendant's decision not to move forward on the tenant improvements. Defendant asserts that this claim fails as a matter of law because the Give Back Space provision contained in Amendment No. 2 provided that Defendant could occupy the Give Back Space rent-free. The Give Back Provision contained in Amendment No. 2 specifically provides:

> Continued Occupancy of Units 220 and 230. Tenant shall have the right to occupy and utilize Units 220 and 230 of Baylake City Center Condominium (the "Give Back Space"), such Give Back Space is depicted in **Exhibit A**, and which Give Back Space is currently, and shall continue to be, utilized and occupied by Tenant for purposes of a lunch room and two training rooms, without the payment of Rent or any additional charge, including without limitation, Operating Expenses. Upon completion of the Tenant Improvements (as defined below) and receipt of a certificate of occupancy, Tenant shall vacate the Give Back Space within fifteen (15) days.

Amendment No. 2 § 4, Dkt. No. 1-1 at 49–50.

"Every contract implies good faith and fair dealing between the parties to it." *Brew City Redevelopment Grp., LLC v. The Ferchill Grp.*, 2006 WI App 39, ¶ 12, 289 Wis. 2d 795, 714

4

N.W.2d 582 (citation omitted). There can be no breach of good faith and fair dealing, however, "where the contracting party complains of acts of the other party that are specifically authorized in their agreement." *M & I Marshall & Ilsley Bank v. Schlueter*, 2002 WI App 313, ¶ 15, 258 Wis. 2d 865, 655 N.W.2d 521 (citing *Super Valu Stores, Inc. v. D-Mart Food Stores, Inc.*, 146 Wis. 2d 568, 431 N.W.2d 721 (Ct. App. 1988)); *see also Beidel v. Sideline Software, Inc.*, 2013 WI 56, ¶ 29, 348 Wis. 2d 360, 842 N.W.2d 240 ("A party may not . . . employ the good faith and fair dealing covenant to undo express terms of an agreement.").

Plaintiff argues that Defendant's right to occupy the Give Back Space rent-free was given in return for the tenant improvements that were intended for the space Defendant retained and the corresponding increase in rent Defendant was to pay once those improvements were completed. Plaintiff contends that Amendment No. 2 clearly states that Defendant had the right to use the Give Back Space rent-free until the tenant improvements were completed and that Section 5 to Amendment No. 2 provides that the tenant improvements shall be completed no later than December 31, 2018. Amendment No. 2 § 5, Dkt. No. 1-1 at 50. Plaintiff alleges that, although Amendment No. 2 provides that tenant improvements must be made and Defendant must vacate the Give Back Space no later than December 31, 2018, Defendant decided not to move forward with the tenant improvements and occupied the Give Back Space rent-free for a period beyond the December 31, 2018 deadline to vacate. Plaintiff claims that Defendant breached the covenant of good faith and fair dealing by failing to provide plans for the tenant improvements and to work toward completing the tenant improvements in a timely manner in an effort to continue using the Give Back Space rent-free for a period of time that was never agreed upon by the parties.

The intent of the parties was arguably to allow Defendant to occupy the Give Back Space rent-free in return for Defendant's promise to move forward with the improvements for the rental space it retained under the lease. The increased rental payments Defendant would then pay and

5

the increased value of the space due to the improvements would presumably have offset any loss in rent that Plaintiff might otherwise have received for the Give Back Space. By failing to follow through on the tenant improvements, Defendant arguably frustrated this part of the agreement and thereby increased the damages Plaintiff sustained. Whether viewed as damages for breach of its obligation to provide the standards and specifications for the tenant improvements or breach of its implied duty of good faith and fair dealing, Plaintiff has stated a cognizable breach of contract claim against Defendant that encompasses the rental value of the Give Back Space. Defendant's motion for judgment on the pleadings as to that claim is therefore denied.

**B. Unjust Enrichment**

Plaintiff alleges, in the alternative, that it should be able to recover back-rent for Defendant's occupancy of the Give Back Space under the equitable doctrine of unjust enrichment. Defendant asserts that Plaintiff's unjust enrichment claim fails as a matter of law given the express terms of Amendment No. 2.

In Wisconsin, unjust enrichment is a legal cause of action governed by equitable principles. The claim is "grounded on the moral principle that one who has received a benefit has a duty to make restitution where retaining such a benefit would be unjust." *Watts v. Watts*, 137 Wis. 2d 506, 530, 405 N.W.2d 303 (1987). "To prevail on an unjust-enrichment claim, a plaintiff must prove three elements: '(1) a benefit conferred upon the defendant by the plaintiff, (2) appreciation by the defendant of the fact of such benefit, and (3) acceptance and retention by the defendant of the benefit, under circumstances such that it would be inequitable to retain the benefit without payment of the value thereof.'" *Lindquist Ford, Inc. v. Middleton Motors, Inc.*, 557 F.3d 469, 477 (7th Cir. 2009) (quoting *Seegers v. Sprague*, 70 Wis. 2d 997, 1004, 236 N.W.2d 227 (1975)). Generally, "[t]he doctrine of unjust enrichment does not apply where the parties have entered into

a contract." *Cont'l Cas. Co. v. Wis. Patients Comp. Fund*, 164 Wis. 2d 110, 118, 473 N.W.2d 584 (Ct. App. 1991) (citing *Watts*, 137 Wis. 2d at 530).

Plaintiff asserts its claim of unjust enrichment in the alternative to its claims of breach of contract, duty of good faith and fair dealing, and declaratory judgment. A plaintiff is free to plead breach of contract and unjust enrichment in the alternative. *See Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003) ("Under that doctrine, a party is allowed to plead breach of contract, or if the court finds no contract was formed, to plead for quasi-contractual relief in the alternative."). In this case, the existence of a contract or lease is not in dispute, but arguably the Give Back Space is not covered by the lease. If Plaintiff's argument that Defendant owes back rent for the Give Back Space as damages for Defendant's breach of its lease with Plaintiff fails, Plaintiff may have a claim for unjust enrichment as to this space.

The complaint alleges the elements of a claim for unjust enrichment. It alleges that Plaintiff conferred a benefit on Defendant in the form of rent-free occupancy of the Give Back Space for more than three years. Defendant appreciated the benefit in savings of rent it otherwise would have paid for the space. It is at least arguable that it would be inequitable to allow Defendant to retain that benefit after Defendant failed to follow through on the tenant improvements called for by the lease, whether such failure is found to be a breach of contract or not. By failing to follow through on the tenant improvements, Defendant deprived Plaintiff of both increased rental payments and an increase in the value of the rental space, each of which would have benefitted Plaintiff. At least at this point, the claim for unjust enrichment is viable and should remain. Defendant's motion for judgment on the pleadings as to that claim must also be denied.

## CONCLUSION

For these reasons, Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**. The Clerk is directed to set the matter for a telephone conference to address further scheduling.

**SO ORDERED** at Green Bay, Wisconsin this 7th day of May, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge